IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESE SHABE,
Individually and on behalf of all others
similarly situated,

    Plaintiff,                                  Case No.:  8:17-cv-02217-JSM-TGW

vs.

MARRIOTT INTERNATIONAL, INC.;
RENAISSANCE HOTEL MGMT CO. LLC;
RITZ CARLTON HOTEL CO., LLC; RESIDENCE
INN BY MARRIOTT LLC; COURTYARD MGMT
CORP; SPRINGHILL SMC LLC; MARRIOTT
INTERNATIONAL HOTELS INC.; MARRIOTT
HOTEL SERVICES, INC.; FAIRFIELD FMC LLC;
TOWNEPLACE MGMT LLC AND MI HOTELS
OF LAS VEGAS, INC.,

    Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF FLSA SETTLEMENT AND
DISMISSAL OF ACTION WITH PREJUDICE AND MEMORANDUM OF LAW**

Plaintiff, Therese Shabe ("Plaintiff"), and Defendants, Marriott International, Inc., Renaissance Hotel Mgmt Co. LLC, Ritz Carlton Hotel Co., LLC, Residence Inn By Marriott LLC, Courtyard Mgmt. Corp., Springhill SMC LLC, Marriott International Hotels Inc., Marriott Hotel Services, Inc., Fairfield FMC LLC, Towneplace Mgmt. LLC, and MI Hotels of Las Vegas, Inc. (collectively, "Defendants"), by and through their respective undersigned counsel, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and this Court's Order (ECF No. 033), jointly seek approval of the FLSA settlement and dismissal of the action with prejudice, and state as follows:

1.    This case involved a claim by Plaintiff alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA").

2. Plaintiff requested an award of unpaid wages, liquidated damages and reasonable attorney's fees and costs.

3. Defendants denied the allegations in Plaintiff's Complaint and maintained that Plaintiff was properly paid in accordance with all applicable laws.

4. Plaintiff calculated the overtime wages due to her, accounting for all hours worked, to be $790.50. Plaintiff presented this for consideration to Defendants.

5. Defendants agreed to resolve Plaintiff's FLSA claim by paying the full amount of overtime wages and liquidated damages claimed without compromise.

6. While Defendants do not admit any liability for unpaid wages or overtime, Plaintiff has been paid the full overtime wages she claimed, including an equal amount for liquidated damages, for a total payment to Plaintiff in the amount of $1,581.00.

7. After reaching the above agreement, and without consideration of that sum, the Parties separately negotiated a compromise of the attorney's fees and costs relating to Plaintiff's FLSA claim, and resolved that attorney's fees and costs claim for a payment in the amount of $6,657.00 to Plaintiff's counsel.

8. The Parties wish to have this Court approve the settlement and enter an Order dismissing the Plaintiff's action with prejudice. The Parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiff's FLSA claims against Defendants.

## MEMORANDUM OF LAW

Plaintiff acknowledges that she is receiving full damages claimed to be owed without compromise of the value of her overtime wages. Accordingly, the amount being paid to Plaintiff's counsel for attorney's fees and costs does not compromise her recovery. Moreover, Plaintiff's

attorney's fees are indicative of the amount of time and effort devoted by counsel in vigorously representing their respective clients in this action.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor. *Lynn's Food Stores* requires the Court to determine whether a plaintiff's compromise of his or her FLSA claims is fair and reasonable. 679 F.2d at 1354-55. Where the plaintiff does not compromise his or her FLSA claim, the settlement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* In such circumstances, the Court need not scrutinize the settlement any further. *See id.*; *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (noting that where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial scrutiny is not required); *Granger v. Water Sports Mgmt., Inc.*, No. 6:08-cv-1283-Orl-31KRS, 2009 WL 1396286, at *2 (M.D. Fla. May 18, 2009) (finding that when there is not a compromise of an FLSA claim, the court "need not scrutinize the settlement further to consider whether the payment to [plaintiff's] attorney, the hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are reasonable").

Here, Plaintiff has stipulated that she did not compromise her FLSA claim. Rather, Plaintiff acknowledges that she has received all of the overtime and liquidated damages she claimed to be owed under the FLSA. Thus, there is no need for further judicial scrutiny of the settlement and the settlement should be approved as fair and reasonable. *See Crooms v. Lakewood Nursing Ctr., Inc.*, 2008 WL 398933, at *1 (M.D. Fla. 2008) (citing cases; "When a plaintiff receives all past due compensation to which he was arguably entitled under the FLSA, 'the settlement is fair.'"); *Fleurimond v. All Stars Servs., LLC*, 2008 WL 2761265, at *1 (M.D. Fla.

July 15, 2008) (adopting U.S. Magistrate Judge Report and Recommendation approving stipulation of dismissal where plaintiff received full compensation alleged due on FLSA claim, stating "Based on these representations, [Plaintiff] has received full recovery under the FLSA and there is no need to scrutinize the settlement for fairness.").

Additionally, since Plaintiff has received the full wages claimed without compromise, and the attorney's fees and costs agreed to be paid to Plaintiff's counsel were separately negotiated at arms-length, the attorney's fees and costs should also be approved by the Court. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226, 1228 (M.D. Fla. 2009) (where parties represent that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff and no reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to the attorney, court should approve settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel).

WHEREFORE, the Parties request that the Court enter an Order approving the settlement, adjudging its terms to be adequate, proper, fair, and reasonable, and dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted this 29th day of March, 2018.

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman
Florida Bar No.: 80349
Email: mitchell@feldmanwilliams.com
FELDMAN WILLIAMS PLLC
6940 W. Linebaugh Ave. #101
Tampa, Florida 33625
Tele: (813) 639-9366
Fax: (813) 639-9376

Benjamin Lee Williams, Esq.
Florida Bar No.: 30657
FELDMAN WILLIAMS PLLC
P.O. Box 3237

/ s/Edward Diaz
Edward Diaz
Florida Bar No.: 988091
Kelly-Ann Cartwright
Florida Bar No.: 892912
HOLLAND AND KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, Florida  33131
Tel: (305) 789-7709-1000
Fax: (305) 789-7799
Email: edward.diaz@hklaw.com
kelly-ann.cartwright@hklaw.com
*Attorneys for Defendants*

Ponte Vedra Beach, FL 32004
(t) (904) 580-6060
(f) (904) 671-9483
ben@feldmanwilliams.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2018, we electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Mitchell L. Feldman, Esq.*
MITCHELL L. FELDMAN, ESQUIRE
Florida Bar No. 0080349